UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW KEITH ALWARD,<br><br>        Petitioner<br><br>v.<br><br>WARDEN, LSCI-ALLENWOOD,<br><br>        Respondent. | CIVIL ACTION NO. 3:24-CV-00806<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Matthew Keith Alward ("Alward"), an inmate confined at the Low Security Correctional Institution, Allenwood, in White Deer, Pennsylvania. (Doc. 1). For the reasons that follow, the Court will dismiss the petition.

I.    BACKGROUND AND PROCEDURAL HISTORY

Alward is serving a 120-month term of imprisonment imposed by the United States District Court for the Western District of Michigan for conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine. (Doc. 32-3, at 2-3). His current projected release date is June 4, 2027, via First Step Act credit release. (Doc. 32-3, at 3-4).

The Administrative Remedy Generalized Retrieval reveals that Award filed 21 administrative remedies while in the custody of the Federal Bureau of Prisons ("BOP"), but only one—remedy number 1188820, alleging staff unprofessionalism—has been fully exhausted. (Doc. 32-4).

In his § 2241 petition, Alward alleges that a BOP staff member bribed him, in exchange for sexual favors, with placement in a halfway house or participation in a Residential Drug

Abuse Program ("RDAP") that would make him eligible for early release. (Doc. 1, at 2). For relief, Alward requests that the Court lower his custody level, transfer him to a federal prison camp, select a future date for transfer to a halfway house, indict the staff member that bribed him,[1] and award him monetary relief.[2] (Doc. 1, at 6-7).

Respondent counters that Alward's § 2241 petition must be dismissed on the following grounds: (1) complaints regarding conditions of confinement are not cognizable in a habeas proceeding; (2) Alward is not entitled to any placement in pre-release custody; and (3) Alward has no right to early RDAP release. (Doc. 32, at 5-11). Alternatively, Respondent argues that the petition must be dismissed based on Alward's failure to exhaust his administrative remedies before filing the instant habeas petition. (Doc. 32, at 11-15). The petition is ripe for disposition and, as set forth *infra*, the Court will dismiss the petition, but need not reach Respondent's alternative argument.

---

[1]This Court lacks the authority to initiate criminal proceedings as that power is reserved for the Executive Branch of government. See *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (*per curiam*) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citation omitted)); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*). Further, decisions of a prosecutor whether to investigate or charge criminal conduct are within prosecutorial discretion and cannot be mandated by a court. See *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) ("The decision to initiate a prosecution is at the core of a prosecutor's judicial role.") (citations omitted).

[2]Alward seeks $2,000,000 "for sexual har[]assment, bribery, and blackmail by staff misconduct." (Doc. 1, at 7). However, monetary damages are not available through habeas corpus proceedings. See *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Therefore, the Court will give no further consideration to Alward's perceived claim for compensation.

**II.    DISCUSSION**

    A. ALWARD'S REQUESTS FOR A REDUCTION IN HIS CUSTODY LEVEL AND TRANSFER TO A FEDERAL PRISON CAMP ARE NOT COGNIZABLE IN A HABEAS PROCEEDING

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). Challenges to prison security classifications are not cognizable under § 2241 because such challenges do not implicate the fact or duration of imprisonment. *Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (not precedential) (claims asserting improper security factors and resulting higher security classification levels "are not cognizable in a § 2241 petition"); *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (not precedential) (holding that challenges to security designation or custody classification do not challenge the fact or duration of confinement as required for § 2241 jurisdiction). And a simple or "garden variety" prison transfer does not fall within the meaning of "execution" of a prisoner's sentence for purposes of bringing a habeas petition under § 2241. *Ganim v. Federal Bureau of Prisons*, 235 F. App'x 882, 883 (3d Cir. 2007) (not precedential).

In the habeas petition, Alward requests, *inter alia*, that the Court reduce his custody level and transfer him to a federal prison camp. (Doc. 1, at 6-7). These claims do not impact the fact or duration of his confinement and do not lie at the core of habeas. *See Briley*, 703 F. App'x at 71; *Cohen*, 402 F. App'x at 676. Moreover, even if an erroneous security designation and custody classification prevents a prisoner's transfer to a minimum-security camp, the claim is not cognizable under § 2241. *See Briley*, 703 F. App'x at 71; *Cohen*, 402 F. App'x at 676. This Court is without jurisdiction to consider Alward's challenge his custody level and request for transfer to a federal prison camp, and these claims must be dismissed.

B.  ALWARD IS NOT ENTITLED TO PLACEMENT IN PRE-RELEASE CUSTODY

Likewise, Alward's challenge to his eligibility for pre-release custody is not cognizable in a § 2241 petition because it does not challenge the fact or duration of his imprisonment, which is the "essence of habeas corpus." *Preiser*, 411 U.S. at 484. In this claim, Alward is challenging something other than the fact or length of his confinement. As such, this claim is not within the core or traditional scope of habeas corpus.

In addition, it is well-established that the Constitution does not confer any right upon an inmate to any particular custody or security classification. *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving a certain security or custody status "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution." *Montanye*, 427 U.S. at 242; *see McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). The Attorney General— and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005).

Therefore, the BOP has the discretion to determine if, and when, to transfer Alward to a halfway house. *See Woodall*, 432 F.3d at 244-51 ("that the BOP *may* assign a prisoner to a [halfway house] does not mean that it must.") (emphasis added); *see also Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005) (not precedential) (holding, "[i]t is well settled, and the

4

parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners."). Accordingly, the Court will dismiss this claim.

### C. ALWARD HAS NO RIGHT TO RDAP RELEASE

The BOP operates a drug abuse treatment program that identifies inmates in need of substance abuse treatment. 28 C.F.R. § 550.50 *et seq*. The BOP's authority to reduce an inmate's sentence for completion of RDAP falls under 18 U.S.C. § 3621, which provides that "the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment…for all eligible prisoners…" 18 U.S.C. § 3621(e)(1)(C). For inmates who successfully complete RDAP, the BOP "*may*" reduce the inmate's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B) (emphasis added).

Further, Congress has expressed the view that these discretionary RDAP placement and release decisions should not be subject to wide-ranging judicial review. *See* 18 U.S.C. § 3625 (providing that the judicial review provisions of the Administrative Procedure Act "do not apply to the making of any determination, decision, or order under this subchapter," which includes § 3621). Thus, many courts have held that they lack jurisdiction to consider challenges to RDAP early release decisions. *See Harvey v. Warden/Superintendent of USP Canaan*, No. 21-cv-02150, 2022 WL 2292006, at *5 (M.D. Pa. June 24, 2022) (collecting cases). Such a sentence reduction is entirely within the BOP's discretion. *See, e.g.*, *Lopez v. Davis*, 531 U.S. 230, 241 (2001) (stating that "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP]…has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"); *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) (not precedential) (stating that "the BOP has discretion to determine which prisoners are eligible to participate in an RDAP")

(citing 18 U.S.C. § 3621(e)(5)(B)). Moreover, even if an inmate successfully completes RDAP, the completion of the program does not guarantee a reduction in sentence. *See, e.g.*, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (stating that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); *Dababneh v. Warden Loretto FCI*, 792 F. App'x 149, 151 (3d Cir. 2019) (not precedential) (concluding that "a prisoner has no protectable liberty interest in participating in the RDAP, or, for that matter, early release following completion of that program" (citations omitted)). Because RDAP placement, removal, and early release decisions are within the sound discretion of the BOP, the Court will dismiss this claim.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus. (Doc. 1). An appropriate Order shall issue.

Dated: September 6, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**